WR-48,152-08
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/24/2016 9:49:27 PM
Accepted 5/25/2016 6:30:17 AM
ABEL ACOSTA
CLERK

NO. WR-48,152-08
IN THE COURT OF CRIMINAL APPEALS OF TEXAS
_____

GARCIA GLEN WHITE
*APPLICANT*
V.
THE STATE OF TEXAS
*RESPONDENT*
_____

RECEIVED IN
COURT OF CRIMINAL APPEALS

May 25, 2016

ABEL ACOSTA, CLERK

On Application for Post-Conviction Writ of Habeas Corpus
In Cause No. 723847 in the 180th Judicial District Court
Harris County

MOTION FOR LEAVE TO SUBMIT *AMICI CURIAE* BRIEF IN SUPPORT OF THE
APPLICANT ON BEHALF OF THE TEXAS CRIMINAL DEFENSE LAWYERS
ASSOCIATION, THE HARRIS COUNTY CRIMINAL LAWYERS ASSOCIATION, AND
THE HARRIS COUNTY PUBLIC DEFENDER'S OFFICE

The Texas Criminal Defense Lawyers Association, the Harris County Criminal Lawyers Association, and the Harris County Public Defender's Office seek permission to jointly submit an *Amici Curiae* brief for this Court's consideration. *See* Tex. R. App. P. 11. In support of this motion, *Amici Curiae* would state the following:

**I. A broad interpretation of Article 11.073 would better vindicate the rights of defendants who suffer confinement or collateral consequences due to unsound forensic evidence**

This Court's interpretation of Article 11.073 is important to many types of writ applicants. For example, a narrow definition of "convicted" may foreclose relief to potential writ applicants placed on community supervision who are not finally convicted or who are not adjudicated

guilty. Furthermore, a narrow definition of "convicted" could foreclose relief to similarly-situated writ applicants based upon an arbitrary distinction between sentencing issues that occur during the guilt/innocence phase of trial (for instance, jurisdictional enhancements, aggravating factors, culpable states of mind, Tex. Code Crim. Proc. 38.37 evidence, extraneous offenses offered for permissible purposes) or sentencing issues that occur during the punishment phase of trial (for instance mitigating circumstances, sentence enhancements, aggravating factors, extraneous offenses). *Amici curiae* are concerned that a narrow interpretation of "convicted" will leave many writ applicants whose punishment or degree of punishment rests upon unsound forensic science without a legal basis for relief.

## II. Article 11.073's legislative history supports a broad interpretation of "convicted"

Article 11.073 was conceived as a robust solution to the problem of new forensic evidence undermining confidence in the outcomes of criminal cases:

> The question of how to deal with convictions based on false and discredited forensic testimony has arisen more frequently as the forensic sciences in recent years have undergone extensive review, leading to correction and updating in various fields and sometimes discrediting

certain forms of forensic testimony. Rather than establish additional chapters for arson, dog-scent lineups, and every discredited forensic method, SB 344 would establish a single standard for when this scenario arises.

HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. S.B.344, 83rd Leg. R.S. (2013). *Amici curiae* believes that there is no indication that Article 11.073 should be treated as a solution to inaccuracies that occur within the guilt/innocence phase of trial but not the punishment phase of trial, and a distinction between the phases for purposes of Article 11.073 would only frustrate the Legislature's intent.

### Prayer

*Amici Curiae* prays that this Court receive and consider the accompanying *Amici Curiae* Brief, pursuant to Rule 11 of the Texas Rules of Appellate Procedure.

Respectfully submitted,

**SAM BASSETT,**
*President,*
**ANGELA MOORE,**
*Co-Chair, Amicus Committee*
TEXAS CRIMINAL DEFENSE
LAWYERS ASSOCIATION

**TYLER FLOOD**
*President,*
HARRIS COUNTY CRIMINAL
LAWYERS ASSOCIATION

**ALEX BUNIN,**
*Chief Public Defender*,
HARRIS COUNTY PUBLIC
DEFENDER'S OFFICE


**/s/** Nicolas Hughes
**NICOLAS HUGHES**
*Counsel for Amici*
1201 Franklin Street, 13th Floor
Houston, Texas 77002
713-368-0016
713-386-9278 fax
TBA No. 24059981
nicolas.hughes@pdo.hctx.net


## CERTIFICATE OF SERVICE

I certify that a copy of this Motion for Leave to Submit Amici Curiae Brief in Support of the Applicant on Behalf of the Texas Criminal Defense Lawyers Association, the Harris County Criminal Lawyers Association, and the Harris County Public Defender's Office (White) has been served upon the Harris County District Attorney's Office and upon the attorney for the Applicant (Pat McCann), on May 24, 2016 by electronic service.

**/s/** Nicolas Hughes
**NICOLAS HUGHES**
*Counsel for Amici*